UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHERYL K. STREET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-868-JDT-TAB |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**Entry Reviewing Commissioner's Decision**[1]

Plaintiff seeks judicial review of the Commissioner's decision that she is not entitled to disability benefits or supplemental security income payments under the Social Security Act ("Act"). The parties have briefed the matters before the court.

*Background*

Cheryl K. Street filed applications for disability insurance benefits and supplemental security income payments under the Act, alleging disability as of March 18, 2003, due to ulcers and sleeping disorders. A consultative mental status examination performed by clinical psychologist Randal Horton, at the agency's request on September 8, 2003 (R. 111-14), resulted in the diagnosis of an Adjustment Disorder with depressed mood (R. 114) as well. Ms. Street's applications were denied initially

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

and on reconsideration and she sought a hearing before an Administrative Law Judge ("ALJ").

On September 12, 2005, ALJ Roseanne P. Gudzan held a hearing at which Ms. Street, represented by counsel, testified. A vocational expert ("VE") also testified at the hearing. On December 20, 2005, the ALJ issued her decision, finding that Ms. Street had severe impairments of obstructive sleep apnea and peptic ulcer disease but that her adjustment disorder with depressed mood was not severe and did not last for 12 continuous months; that her impairments, individually and in combination, did not meet or equal a listed impairment; that Ms. Street was only partially credible; and that based on her residual functional capacity, she was able to perform her past work as a receptionist. (R. 22-23.) Therefore, the ALJ determined that Ms. Street was not under a "disability" as defined under the Act and was not entitled to any benefits. (R. 23.)

*Discussion*

The court will affirm an ALJ's decision if her findings of fact are supported by substantial evidence and the ALJ applied the correct legal standard. 42 U.S.C. § 405(g); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). "Substantial evidence" is such relevant evidence as reasonable minds might accept as sufficient to support a conclusion. *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). The court's review of the ALJ's factual findings is deferential, though it performs a de novo review of the ALJ's conclusions of law. *Prochaska v. Barnhart*, 454 F.3d 731, 724 (7th Cir. 2006).

The court does not reweigh the evidence or substitute its own judgment for that of the ALJ. *Id.* at 735; *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006).

In deciding a claim, an ALJ applies the five-step analysis of 20 C.F.R. §§ 404.1520 and 416.920: (1) Is the claimant working? (2) If not, do her impairments significantly limit her ability to work? (3) If so, is she impaired in a way that meets or equals any listed impairment(s)? (4) If not, does she have the residual functional capacity to perform her past work? (5) If not can she perform other work? *See Rice v. Barnhart*, 384 F.3d 363, 365 (7th Cir. 2004). An ALJ need not provide a written evaluation of every piece of evidence, but she must "build a logical bridge from the evidence to h[er] conclusion." *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). However, an ALJ cannot selectively discuss only that evidence which supports a conclusion of not disabled; she must confront contrary evidence in the record and explain why she rejected it. *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004).

Ms. Street makes three principal arguments in support of a reversal or remand of the ALJ's decision. She first argues that the ALJ's step 3 decision that her combined impairments did not meet or equal any Listed impairment was erroneous. Her second challenge is that the ALJ's determination that she was not totally credible is patently erroneous. Third, Ms. Street argues that the ALJ's step 4 decision that she could perform her prior job as a receptionist should be reversed because the ALJ failed to follow SSR 82-62 which requires certain findings the ALJ did not make. The Commissioner defends the ALJ's decision. The court concludes that Ms. Street is

correct on her first two arguments, but wrong on the third. Nonetheless, a remand is required.

Ms. Street first challenges the ALJ's decision that her impairments did not meet or equal any of the Listed impairments. Specifically, she contends that the ALJ erred in failing to cite or discuss Listing 12.04 (affective disorders) and in deciding that her chronic depression was not a severe mental impairment. The Seventh Circuit has said: "In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668; *see also Ribaudo v. Barnhart*, 458 F.3d 580, 583-84 (7th Cir. 2006). References to Ms. Street's claims of depression and anxiety, as well as diagnoses of depression appear in the medical evidence dated July 11, 2003, September 8, 2003, May 3 and 17, 2004, and August 24, 2004 – a period that exceeds 12 months. (R. 105 (history of depression and chronic anxiety), 111-14 (diagnosis of adjustment disorder with depressed mood), 208 (diagnosis of depression), 217 (questioning whether depression is the cause of Street's fatigue), 225-26 (assessment of depression).) The ALJ did not mention Listing 12.04 and her analysis of the evidence as it pertains to this Listing is insufficient. The ALJ notes that Ms. Street's physician referred her to a mental health center in December 2003, but concludes "there is no evidence that she went or that she has required treatment from a mental health professional. Furthermore, she testified . . . that Zoloft, prescribed by her family doctor, helped her depression." (R. 19.) This analysis fails for a few reasons.

SSR 96-7p provides that an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." The ALJ did not ask Ms. Street why she had not sought mental health treatment. Also, it does not necessarily follow from Ms. Street's testimony that the Zoloft "helps" (R. 288-89), that her depression was not severe or equal to the Listing. The ALJ went on to conclude that Ms. Street's affective disorder did not limit her activities of daily living. Her activities – "I may cook" (R. 289), helping with/babysitting her daughter's 9 year old son and 2 year old daughter, "a little ironing" (R. 290), "a few chores" (R. 291), shopping for a few minutes, caring for her personal needs such as dressing and bathing (*id.*), playing checkers and bingo (R. 291-92), and going out with friends "not too often" (R. 292) – and the ways in which she performs them – with assistance from her brother who is there "everyday" and her daughter who is "more or less home" until 3:00 p.m. (R. 289-90, 292) – are not necessarily inconsistent with a claim of severe depression. Ms. Street further testified that she is "probably [a]sleep, I'm [a]sleep most of the day." (R. 292).

The ALJ also reasoned that Ms. Street's demonstrated poor basic arithmetic skills were "apparently . . . due to poor effort." (R. 19.) But while consulting psychological examiner Horton indicated that Ms. Street's "effort was adequate . . . except [on] arithmetic" (R. 114), he did not conclude that her poor arithmetic skills were

due to poor effort. He further indicated "She currently does not appear to have the basic skills to manage her own funds." (R. 114.) While Ms. Street did return to work subsequent to Horton's September 2003 examination, that work was for 20 hours per week from February until April 2005, and the ALJ found it to be an unsuccessful work attempt. (R. 18.) The ALJ found that she quit because she had a hard time staying awake, and then concluded that she quit because of physical limitations. But at least one health care professional has questioned whether Ms. Street's fatigue is caused by her depression. (R. 217.) In effect, then, that leaves the contradictory opinions of the non-examining agency reviewing psychologists who simply reviewed the evidence as the basis upon which the ALJ rejected Horton's opinion. "An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining expert does not, by itself, suffice." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003).

Ms. Street argues that the ALJ erred in not summoning a medical advisor to testify as to whether her combined mental and physical impairments medically equaled Listing 5.08A (weight loss due to any persisting gastrointestinal disorder) or another Listing. A determination whether a claimant's impairment or combination of impairments equals a listing is a medical judgment on which an ALJ must consult a medical expert. *See Barnett*, 381 F.3d at 670; 20 C.F.R. 404.1526(b); SSR 96-6p. The record does not support the conclusion that the ALJ obtained a medical opinion on whether Mr. Street's weight loss, chronic fatigue and exhaustion would medically equal Listing 5.08A.

Another complaint of Ms. Street's is that the ALJ selectively reviewed that evidence which supported her decision to deny benefits and rejected or ignored evidence that favored Ms. Street's claim. An "ALJ must confront evidence that does not support h[er] conclusion and explain why it was rejected." *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003). The ALJ's decision does demonstrate that the ALJ was selective in her consideration of the evidence, particularly regarding Ms. Street's depression, fatigue and excessive sleeping. For example, the ALJ seems to have ignored the evidence that would support a finding of a mental impairment lasting 12 months or longer. She failed to mention the September 22, 2003, disability determination bureau report of contact with Ms. Street's friend, Sophia Evans, who reported that Ms. Street has not done a good job of keeping up her hygiene or personal appearance, that her dishes and laundry have stacked up, and that she seems tired at times and to lose her train of thought easily. (R. 92.) The ALJ mentioned the January 28, 2004, sleep study report, but did not note that it concluded that Street's "latency to sleep onset was pathologically short" and she had "severe decrease in the sleep efficiency," (R. 240-41), which supports Ms. Street's claims. And the ALJ omitted any mention of the May 3, 2004, Citizens Health Center evaluation even though it contained the diagnosis of "Depression" (R. 208) and the May 17, 2004, note questioning whether her depression caused her fatigue (R. 217).

Moreover, it appears that the ALJ did not comply with SSR 96-7p in evaluating Ms. Street's credibility. The Seventh Circuit has indicated that an ALJ must comply with

7

this ruling's requirements. *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 787 (7th Cir. 2003). The ALJ noted that Ms. Street:

> apparently limits the amount of household chores that she performs and receives help from her daughter, [but] there is no objective reason for such limitations documented in the record. Her doctor limited her lifting only through November 2001, which was prior to the relevant period. In fact, Dr. Marcus stated that the claimant had no functional limitations. I therefore find the claimant to be a partially credible witness.

(R. 21.) SSR 96-7p provides that "[a]n individual's statements about . . . symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." The regulations are in accord. *See* 20 C.F.R. § 404.1529(c)(2) ("we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements"). It appears that the ALJ's credibility assessment was based only on the lack of objective medical evidence and not on her consideration of the factors set forth in SSR 96-7p. Thus, the court agrees with Ms. Street that the ALJ's credibility determination is deficient.

Ms. Street's final argument is that the ALJ failed to comply with SSR 82-62 which states in relevant part:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
> 
> 1. A finding of fact as to the individual's RFC.

8

> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62. The Seventh Circuit has required ALJs to comply with this Ruling. *See Smith v. Barnhart*, 388 F.3d 251, 252 (7th Cir. 2004) (holding ALJ's error requiring remand was "in equating Smith's past relevant work to sedentary work in general. He should have considered not whether she could perform some type of sedentary work but whether she could perform the duties of the specific jobs that she had held."); *Strittmatter v. Schweiker*, 729 F.2d 507, 509 (7th Cir. 1984) (holding that before an ALJ can conclude that a claimant is capable of returning to her past relevant work, he is "required to determine the physical demands of the particular type of sedentary work that this claimant had done and then compare those demands to her present capabilities").

     Here, the ALJ did more than merely equate Ms. Street's past relevant work to sedentary work in general. The ALJ made a specific finding as to her RFC and, then, relying on the VE's testimony that a person with that RFC could perform Ms. Street's past relevant work as a receptionist based on the VE's understanding of how the job is performed, found that Ms. Street's RFC permitted her to return to perform her past relevant work as a receptionist. The ALJ appears to have satisfied SSR 82-62. Nonetheless, the ALJ's errors regarding the Listing and the credibility determination require remand.

*Conclusion*

Accordingly, the court determines that this case must be **REMANDED** to the Commissioner for further proceedings consistent with the above discussion.

ALL OF WHICH IS ENTERED this 28th day of September 2007.

                                                              _____
                                                              John Daniel Tinder, Judge
                                                              United States District Court

Copies to:

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net